104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES OF AMERICA, Appellee,
v.
LUIS CARRIZO, Defendant-Appellant.
 No. 96-1334.
 United States Court of Appeals, Second Circuit.
 Dec. 4, 1996.
 
 Appeal from the United States District Court for the Southern District of New York (Harold Baer, Jr., Judge).
 APPEARING FOR APPELLANT: Philip L. Weinstein, Legal Aid Society, New York, N.Y.
 APPEARING FOR APPELLEE: Jane A. Levine, Asst. U.S. Atty., New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 Before NEWMAN, Chief Judge, and OAKES and WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Luis Carrizo appeals from the May 9, 1996, judgment convicting him, after a jury trial, of corruptly soliciting or accepting money in connection with loans from a financial institution in violation of 18 U.S.C. § 215(a)(2) (1994). Carrizo contends that venue on two counts was improperly laid in the Southern District of New York.
 
 
 4
 Carrizo was an officer of Banco de la Provincia de Buenos Aires ("BPBA") and worked at a branch located in Manhattan. BPBA is a participating lender in the United States Small Business Administration ("SBA") loan program. Under that program, the SBA guarantees up to 90 percent of the value of loans made by participating lenders to eligible small businesses.
 
 
 5
 The indictment charged that Carrizo solicited gratuities from five separate SBA borrowers. The transactions pertinent to the two counts challenged on appeal are as follows:
 
 
 6
 1. The Los Andes Transaction. Edalio Rondon was the owner of Los Andes Imports, Incorporated ("Los Andes"), a New Jersey company that sold imported wines. In 1992, Carrizo secured on behalf of Los Andes a $380,000 SBA loan. The loan-closing documents were signed in Manhattan on December 4, 1992, but only $20,000 of the loan was credited to the Los Andes account at that time.
 
 
 7
 A few days later, Carrizo visited the Los Andes offices in New Jersey. When Rondon asked him about the balance of the funds, Carrizo replied that Rondon would have to give him $10,000 in cash, as a demonstration to the SBA of Los Andes' good faith on the loan. When Rondon became angry and demanded that they contact the SBA directly, Carrizo left without the cash.
 
 
 8
 Rondon never received the balance of the loan proceeds, and later complained to the SBA that the loan had been misappropropriated. At trial, it was revealed by the defense that Rondon may have authorized the BPBA to use the loan proceeds to pay off various debts.
 
 
 9
 2. The Giampier Transaction. Mario Giampieri was president and part-owner of Giampier, Ltd. ("Giampier"), a leather goods manufacturer and distributor located in Denver, Colorado. In 1992, Giampieri, at Carrizo's suggestion and with Carrizo's help, applied for an SBA loan. The loan was approved in the amount of $250,000, with closing to take place on December 18, 1992, at Giampier's headquarters in Colorado.
 
 
 10
 Carrizo was the only BPBA representative to attend the loan closing. The documents he provided were all post-dated to ten days after the closing date.
 
 
 11
 After the papers were signed, Carrizo told Giampieri that he would have to pay an extra two percent, or $5,000, in "expenses," additional to those expenses listed on the loan documents. The two percent was purportedly "for some SBA people." Carrizo refused Giampieri's offer to pay the expenses by check, and instead accompanied Giampieri to a bank, where Giampieri cashed a corporate check and handed the $5,000 over to Carrizo. Giampieri received the loan proceeds on December 28, 1992.
 
 
 12
 Section 215(a)(2) provides for punishment of any officer, director or employee of a financial institution who "corruptly solicits or demands ... or corruptly accepts" money as a reward or influence for a banking transaction. Carrizo contends that as to the Los Andes and Giampier transactions, the Government's own proof demonstrated that the acts of soliciting and accepting money occurred entirely in New Jersey and in Colorado, respectively, and not in New York City.
 
 
 13
 To evaluate venue, this Court applies a "substantial contacts" rule. That rule requires the Court to consider a number of factors, including the "site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate factfinding." United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1188-89 (2d Cir.1989) (citing United States v. Reed, 773 F.2d 477, 481 (2d Cir.1985)). The Court considers all acts essential to the defendant's commission of the crime, but ignores, for the purpose of venue, acts that are merely preparatory. United States v. Delia, 944 F.2d 1010 (2d Cir.1991).
 
 
 14
 In this case, though the actual words of solicitation were uttered and the physical act of accepting money was completed outside the Southern District of New York, Carrizo's verbal solicitations and physical acceptance of cash did not alone amount to the acts constituting the crime. Rather, the verbal requests and acceptance of money were intricately bound up with acts committed within the Southern District of New York.
 
 
 15
 Using his position as an officer in the Manhattan branch of BPBA, Carrizo not only caused the loan applications to be submitted, but also used the proceeds as leverage for his corrupt activities. The securing and retention of the proceeds in New York constituted essential, and not merely preparatory, steps in the substantive offenses of corrupt solicitation and acceptance of money. See Delia, 944 F.2d at 1014. It is precisely acts committed in these circumstances that the statute is intended to punish.